# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Michael Senitta, Jr., *et al.*,

          Plaintiffs,

v.

Ford Motor Company,

          Defendant.

Case No. 7:19-cv-09188-CM

**MEMO ENDORSED**

DENIED. 4/29/2020 The motion for a stay is denied. According to this application, there is a fully briefed and undecided motion to dismiss pending in Florida. When this case was remanded, I met decide the motion on the papers filed in Florida. Disney stay is filed pending decision. Please email the court a copy of the moving and opposition papers. I will act if I know if I require any supplemental filing.

## JOINT MOTION FOR STAY

Plaintiffs and Defendant Ford Motor Co. ("Ford") (collectively, the "Parties") hereby move the Court to stay this matter for a period of three (3) months due to the Coronavirus Disease 2019 ("COVID-19") outbreak, or in the alternative request a telephonic status conference to discuss a schedule for briefing a Rule 12(b)(6) motion. In support thereof, the Parties state as follows:

1. This matter arises out of the recall of Ford vehicles containing allegedly defective airbag inflators manufactured by Takata Corporation ("Takata").

2. Plaintiffs are all allegedly owners of Ford vehicles containing the allegedly defective airbag inflators who opted out of the class action settlement in *Craig Dunn, et al. v. Takata Corp., et al.*, No. 1:14- cv-24009 (S.D. Fla.) (the "Economic Loss Class Action").

4/29/20

3. Plaintiffs seek relief on an individual basis and allege only economic damages.

4. Plaintiffs are all represented by Lemberg Law in this case and 29 substantially similar cases across the country.

5. Since 2014 proceedings related to the airbag inflators manufactured by Takata had been consolidated before the Southern District of Florida in the multi-district proceeding captioned *In Re Takata Airbag Product Liability Litigation*, MDL No. 2599, Master File No. 15-2599-MD-FAM (the "Takata MDL").

6. This action along with the others had been transferred into the Takata MDL by order of the JPML.

7. Following transfer, the parties briefed Ford's motion to dismiss, but the Court did not issue a decision on the motion.

8. On January 21, 2020, Ford filed a motion for suggestion of remand for this case and other cases such as this, arguing, among other things, that remand of all cases out of the MDL to their home districts was appropriate because common liability discovery as to Ford was complete and all remaining tasks were case-specific. The Southern District of Florida granted Ford's motion for suggestion of remand, and entered an order suggesting remand of this matter on March 3, 2020.

9. On March 4, 2020, in light of the suggestion of remand, the Southern District of Florida entered an order denying Ford's pending motion to dismiss

without prejudice, noting that Ford could refile the motion to dismiss following remand.

10. On March 13, 2020, the JPML remanded this matter to its home court.

11. On March 11, 2020, the World Health Organization declared COVID-19 a global pandemic. On March 13, 2020, the President of the United States proclaimed that the COVID-19 outbreak constitutes a national emergency. In an effort to decrease the spread of the disease, travel has been restricted by governmental entities and businesses and social distancing has been recommended by the Centers for Disease Control ("CDC"). In addition, many states, including Michigan where Ford is headquartered, and Connecticut, where Lemberg Law is headquartered, have implemented stay-at-home orders prohibiting residents from leaving their homes, with few limited exceptions.

12. In furtherance of these efforts and to the minimize the risk to its employees and business, much of Ford's workforce is working remotely until further notice, with a few business-critical functions being handled by small teams of people around the country. Further, Ford has instituted a travel ban restricting its employees from all business air travel, internationally and in-country, with few exceptions, and is prohibiting visitors, including outside counsel, at business facilities. Although these efforts are important to address the safety of individuals and mitigate against the spread of disease, they also result in Ford's workforce not having access to or

3

the same access to equipment, documents and information and personnel necessary to perform certain essential functions, and which are needed to adequately prepare its defense in this case.

13. In addition, litigating this case, as well as the 29 other parallel proceedings, will require extensive travel for, at minimum, hearings, client and witness meetings, depositions, and vehicle inspections. None of these critical tasks can be performed at this time.

14. In light of this, and because of the ongoing worldwide pandemic, the Parties request a three-month stay of this case. No scheduling order has been issued yet and this case has not been set for trial so no deadlines will need to be altered and no party will be prejudiced.

15. In the alternative, the Parties request a telephonic status conference with the Court to discuss a briefing schedule for Ford's forthcoming motion to dismiss the Amended Complaint.

Dated: April 15, 2020

Respectfully submitted,

/s/ James S. Dobis
James S. Dobis, Esq.
DOBIS, RUSSELL & PETERSON, P.C.
326 South Livingston Avenue
Livingston, New Jersey 07039
Tel. 973-740-2474/Fax. 973-740-2484
jdobis@drp-law.com
*Counsel for Ford Motor Company*

and

/s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
slemberg@lemberglaw.com
*Counsel for Plaintiffs*